**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SUZANNE R. CARNES,<br><br>    Plaintiff,<br><br>v.<br><br>FANNIE'S INC., d/b/a FANNIE'S CABARET,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:19-CV-4171-MHC |

## ORDER

This case comes before the Court on Plaintiff Suzanne Carnes ("Carnes")'s Motion to Dismiss Defendant's Counterclaims ("Pl.'s Mot.") [Doc. 9].

### I.     BACKGROUND

Defendant Fannie's, Inc. ("Fannie's") operates a nightclub, Fannie's Cabaret, featuring entertainment in the form of female nude or semi-nude dancing. Compl. [Doc. 1] ¶¶ 2, 29-30.  Carnes alleges that Fannie's employed her as a dancer but misclassified her as an independent contractor.  Id. ¶¶ 3-4.  Her sole compensation was in the form of tips, and she was required to pay a portion of those tips to Fannie's as "kickbacks" or "fees" as a condition of employment.  Id. ¶¶ 5-6, 36-37, 42-44.  Fannie's never paid her any wages or compensation.  Id.

¶ 35.  Carnes alleges she was "continuously employed . . . at all times relevant to this action from February 1, 2017 through August 21, 2019."  Id. ¶ 13.  Carnes alleges that she regularly worked for Fannie's three to four days per week, eight hours during each shift, and 24-32 hours per week "during most work weeks."  Id. ¶¶ 31-34.  Carnes alleges that Fannie's violated the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), regarding minimum wage compensation by failing to pay her an hourly rate above or equal to minimum wage.  Id. ¶¶ 74-80.

Fannie's maintains that Carnes "agreed to perform work at Fannie's as an independent contractor, and not as an employee," and have asserted the following state-law counterclaims:  (1) "Breach of Contract" by Carnes's violation of her agreement to work as an independent contractor (Count One); (2) "Money Had and Received" if Carnes "is successful with Any of the claims for relief set forth in the Complaint in this action and . . . if no enforceable agreement or contract between Fannie's and [Carnes] is found to exist or in fact exists[.]" (Count Two); and (3) "Unjust Enrichment" by the "service charges" that Carnes "received and retained pursuant to her agreement with Fannie's, which service charges otherwise belonged to Fannie's" (Count Three).  Answer, Affirmative Defenses, and Countercls. of Fannie's, Inc. ("Countercls.") [Doc. 6] at 19, 21-26.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted).  Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

At the motion to dismiss stage, the court accepts all the well-pleaded facts in the plaintiff's complaint as true, as well as all reasonable inferences drawn from those facts.  McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004); Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  Not

only must the court accept the well-pleaded allegations as true, they must be construed in the light most favorable to the pleader. Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011) (citation omitted). But the court need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Thus, evaluation of a motion to dismiss requires the court to assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### III.   DISCUSSION

As its first counterclaim for breach of contract, Fannie's alleges that Carnes

> began performing as an entertainer at Fannies, and acknowledged receiving, certain policies applicable to entertainers who performed work at Fannie's. [Carnes] agreed to perform work at Fannie's as an independent contractor, not as an employee. . . . [Carnes] agreed that she would not receive, and was not entitled to receive, an hourly wage (or any other employment benefits) from Fannie's or in connection with work performed at Fannie's. [Carnes] agreed that she was personally responsible for reporting her income and paying her own taxes due on such income. . . .[Carnes] confirmed her agreement to the foregoing terms by executing a 'Prefessional (sic) Performer Contract Agreement . . . .

Countercls. ¶¶ 6-7, 9-10, 13. Fannie's asserts that these "mutual promises" constituted a binding contract which Carnes repudiated and breached, presumably by the filing of this lawsuit. Id. ¶ 22. Fannie's asserts damages in the amount of the service charges Carnes retained. Id. ¶ 24. Carnes asserts that Fannie's has failed to plausibly plead a violation of an enforceable contact and, to the extent the

claim is pleaded as an "anticipatory repudiation," it does not lie as recognized by Georgia law.  Br. in Supp. of Pl.'s Mot. ("Pl.'s Br.") [Doc. 9-1] at 5-7.  Fannie's responds by asserting that Carnes's suit constitutes a renouncement of her agreement to recover sums she is not authorized to receive under the contract and, that, if the allegations in the complaint are found to be true, then Carnes "breached her obligation to accurately report her hours under the contract."  Resp. in Opp'n to Pl.'s Mot. ("Def.'s Resp.") [Doc. 13] at 3-5.

Fannie's second and third counterclaims (for money had and received and for unjust enrichment) are also dependent upon whether Carnes succeeds on the claims of relief in her complaint; more specifically, if there is no enforceable contract and Carnes succeeds on her FLSA claims, then Fannie's contends it would be entitled to a set-off for money previously received by Canes.  Countercls. ¶¶ 27-29, 34.  In her motion, Carnes asserts that regardless of the outcome of the case, Fannie's would not be entitled to any recovery because Fannie's purported agreement is illegal and unenforceable.  Pl.'s Br. at 9-10.

This Court finds, as did another Court in this district in ruling on similar counterclaims brought by a nude dancing establishment against plaintiffs who sought minimum wages under the FLSA, that Fannie's counterclaims are best considered on summary judgment after the Court makes its determination as to

whether Carnes is an employee entitled to a minimum wage under the FLSA or is an independent contractor:

> [T]he counterclaims turn on whether, and if, Plaintiffs prevail on their claims under the FLSA.  If Plaintiffs prevail – in that they are employees under the FLSA and they were denied overtime and minimum wage – then the Cheetah's counterclaims for money had and received, unjust enrichment, and breach of contract are viable and the Cheetah seek damages.  But if Plaintiffs lose on their FLSA claims, such as they are independent contractors as alleged by the Cheetah, then, as Plaintiffs readily admit, the Cheetah's counterclaims "fall away."  Thus, Plaintiffs' claims and the Cheetah's counterclaims will depend on whether Plaintiffs were employees or independent contractors, and this is a disputed issue of fact at this time.  The Court finds that this issue is best resolved at summary judgment and that dismissing the Cheetah's counterclaims at this time would be premature.

Valente v. Int'l Follies, Inc., No. 1:15-CV-2477-ELR, 2017 WL 11113313, at *3 (N.D. Ga. June 19, 2017) (citations and footnote omitted).  See also Dean v. 1715 Northside Drive, Inc., 224 F. Supp. 3d 1302, 1327-1329 (N.D. Ga. 2016) (granting exotic dancers' motion for summary judgment as to adult entertainment club's counterclaims for breach of contract and unjust enrichment); Henderson v. 1400 Northside Drive, Inc., No. 1:13-CV-3767-TWT, 2016 WL 3125012, at *5 (N.D. Ga. June 3, 2016) (same).

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims [Doc. 9] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of March, 2020.

_____
MARK H. COHEN
United States District Judge