**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SUZANNE CARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:19-CV-4171-MHC |
| v. | ) | |
| | ) | |
| FANNIE'S INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff Suzanne Carnes ( "Plaintiff") and Defendant Fannie's, Inc. ( "Defendant") file this motion seeking approval of a settlement[1] reached between Plaintiffs and Defendant (collectively, the "Parties"). This motion is also based upon the record of this case and the proceedings herein.

The Parties jointly request that the Court enter an Order approving the settlement reached between the Parties as a fair resolution of their bona fide dispute

---

[1] This settlement is part of a joint settlement reached after mediation before Magistrate Judge Baverman in the companion case of Cristina Kellogg v. Fannie's Inc. and William H. "Brian" Parks, Case No. 1:18-cv-011929-MHC (the "Related Case").

regarding the amount Plaintiff is entitled to under the FLSA. The Parties' settlement is a product of arm's-length negotiations during a court sponsored mediation between the Parties and their experienced counsel in this and the Related Case. The Parties respectfully submit that the settlement is fair, reasonable, and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the settlement. A copy of the Settlement Agreement, Waiver and Release setting forth all of the terms of the settlement is attached hereto as **Exhibit "A"**.

## I.    BACKGROUND

On September 16, 2019, Plaintiff filed a complaint [Doc. 1] alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (the "Complaint"). Defendant timely filed an answer and affirmative defenses to the Complaint and counterclaims against Plaintiff for money had and received, unjust enrichment, and breach of contract. [Doc. 6.]

Plaintiff alleged in her Complaint that she worked for Defendant in the two years preceding the filing of this action and contends that Defendant violated the FLSA by failing to pay minimum wages and overtime wages. Plaintiffseeks the following amounts for alleged unpaid wages, overtime, and "kickbacks": Plaintiff

alleges she worked at Fannie's between February 1, 2017 and August 21, 2019 and was entitled to recover $86,389.20;

Defendant Fannie's acknowledges that Plaintiff worked at its club, but contends that Plaintiff was not an "employee" within the meaning of the FLSA and are therefore not protected by the FLSA. Even if she was an "employee," Defendant Fannie's contends that Plaintiff was paid from service charges pursuant to 29 C.F.R. § 531.55, such that her actual compensation exceeded any minimum wage or overtime obligations to which Plaintiff might have been entitled if she were a statutory employee. Defendant Fannie's counterclaims seek a return of those service charges in the event Plaintiff is reclassified as an employee.

Throughout the pendency of this case, the Parties have engaged in arms-length negotiations. Through these negotiations, the Parties have reached the settlement outlined herein. As further set out below, the Parties state and agree that the terms and conditions of this settlement are fair, reasonable, and in the best interest of the Parties and are expressed in the Settlement Agreement, Waiver and Release attached hereto as **Exhibit "A"**.

## II.    **Argument and Citation of Authority**

### A. Legal Standards

The Court must scrutinize the compromise of an FLSA action for fairness. If

the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the

**Page -4-**

wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F.
App'x 349, 351 (11th Cir. 2009).

B. The Settlement is a Fair, Just, and Reasonable Compromise of Disputed
   Claims.

As set forth in the FLSA Settlement Agreement, Waiver and Release attached
hereto, the Parties propose to settle this litigation and the Related Case for the total
sum of $175,000, including $121,250 in attorney's fees and costs, and $43,750
payable to Plaintiff and $10,000 payable to the plaintiff in the Related Case. The
settlement payments shall be made to Plaintiff's counsel who shall distribute the
proceeds to itself, Plaintiff and the plaintiff in the Related Case.

The recovery in this case represents approximately 50% of Plaintiff's own
estimation of their maximum possible recovery. The Parties have agreed to resolve
this case because the settlement reflects a reasonable compromise of the Parties'
disputed issues and any actual or potential claims. In addition, the Parties believe
that the certainty of settlement is far better than the uncertain outcome of a lengthy
trial and Plaintiff's ability to collect on any potential judgment given the impact of
the pandemic and Covid-19.

If Plaintiff was successful on her claims, Defendant could be held liable for
minimum wages and any overtime wages which Plaintiff could prove were owed at
trial plus attorneys' fees and costs in this case. Even if Plaintiff was successful in

her claims, Defendant Fannie's counterclaim could also be successful, resulting in an award substantially offsetting any award for Plaintiff. If Plaintiff was not successful, she would receive no recovery of any kind, could have to pay certain costs, and could still face liability on Defendant Fannie's counterclaims.

In reaching this settlement, the Parties gave due consideration to the range of possible awards for hourly compensation. Moreover, the economic effects of the pandemic were also factors leading to the resolution of this case.

The settlement amount reflects a fair and reasonable compromise of the disputed issues, while avoiding the risks of litigation, including Defendant Fannie's counterclaim and the possibility that Plaintiff will be unsuccessful. Moreover, Plaintiff will avoid the risks and costs inherent in collection of any potential judgment. Although Plaintiff contends that she is entitled to more, they acknowledges the risks and uncertainties of further litigation and, in particular, the difficulty in proving her potential damages and collecting on any potential judgment.

In light of these facts, the uncertainty of trial, and the potential counterclaims and costs Plaintiff may face if this case is not settled, the Parties believe that the settlement is fair and reasonable. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *Lynn*, 679 F.2d at 1354

(recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Moreover, the endorsement of the settlement by counsel for the Parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at \*5 (S.D. Tex. May 7, 2008). Here, Plaintiff's' experienced FLSA counsel is fully aware of the applicable law, Plaintiff's  factual contentions and the evidence supporting same and is in the best position to evaluate whether this settlement produces fair results after consideration of risks. Plaintiff's counsel has concluded that Plaintiffs' settlement with Defendant is fair, reasonable, adequate, and in Plaintiff's best interests.

The Court should also approve the settlement because the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through negotiations between their respective counsel.  Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at \*11–12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel with

**Page -7-**

experience in litigating claims under the FLSA, and each counsel vigorously represented their clients' interests.

Lastly, the Parties submit that the total attorneys' fees and costs amount of $121,250 to Plaintiff's counsel in this and the Related Case is reasonable given the amount of time and effort expended on this case. Plaintiff's counsel conducted preliminary investigation of Plaintiff's claims, drafted the Complaint, participated in the drafting of the Joint Preliminary Report and Discovery Plan, and engaged in settlement negotiations.

## III.    Conclusion

The settlement in this case is the product of contested litigation, Plaintiff is represented by competent and experienced counsel, and the settlement reflects a reasonable compromise over disputed issues. The Parties therefore respectfully submit that the settlement is fair and reasonable and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of their settlement.

For these reasons, the Parties respectfully request that this Court approve Plaintiff's settlement as set forth in the Settlement Agreement, Waiver and Release attached hereto as **Exhibit "A"** and administratively close this case until Plaintiff receives the full settlement payment from Defendant. On or before ninety-one (91)

days after the full settlement payment is received, the Parties will file a stipulation

of dismissal with prejudice or a status report regarding the settlement, with the right

of any party to reopen the case if the settlement is not consummated.

This the 9th day of February 2021.

| | |
|---|---|
| **DELONG, CALDWELL, BRIDGERS,** **FITZPATRICK & BENJAMIN, LLC** | **SCHREEDER, WHEELER & FLINT, LLP** |

*s/ Kevin D. Fitzpatrick, Jr.*          *s/ John A. Christy*

Charles R. Bridgers                      John A. Christy

Ga. Bar No. 080791                    Jonathan A. Akins

Kevin D. Fitzpatrick, Jr.             1100 Peachtree Street N.E., Suite 800

Georgia Bar No. 262375             Atlanta, Georgia 30309-4516

Matthew W. Herrington              (404) 681-3450 Telephone

Georgia Bar No. 275411             (404) 681-1046

101 Marietta Street NW             jchristy@swfllp.com

Suite 2650                                   jakins@swfllp.com

Atlanta, GA 30303

(404) 979-3150                           Counsel for Defendant Fannie's, Inc.

(404) 979-3170 (facsimile)

charlesbridgers@dcbflegal.com

kevin.fitzpatrick@dcbflegal.com

matthew.herrington@dcbflegal.com

Counsel for Plaintiff

EXHIBIT "A"

DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

## FLSA Settlement Agreement, Waiver and Release

This Settlement Agreement, Waiver and Release (the "**Agreement**") is entered into and executed as of this 9 day of February 2021 by and between Cristina Kellogg and Suzanne B. Carnes (collectively, "Plaintiffs") and Defendant Fannie's, Inc. (the "**Defendant**" and together with the and Plaintiff are collectively referred to as the "**Parties**" and each a "**Party**"). The Agreement was presented to Plaintiffs and their counsel on February 9, 2021, and, after careful review and consideration of the entire Agreement, Plaintiffs initialed each of the pages of the Agreement and signed the Agreement as of the date hereof.

### RECITALS

A. Plaintiffs have asserted claims that they were entitled to certain payments to compensate for work performed, including wages at the minimum-wage rate and applicable overtime rates pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and other relief (the "Claim").

B. Plaintiffs are each a plaintiff in civil actions styed *Cristina Kellogg v. Fannie's, Inc. et. al.*, Case No. 1:19-cv-01929-MHC and *Suzanne R. Carnes. v. Fannie's, Inc. et. al.*, Case No. 1:19-cv-04171-MHC filed in the United States



DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

District Court for the Northern District of Georgia, Atlanta Division (together the "Lawsuits").

C.    In response, the Defendant answered the Lawsuits, asserted counterclaims against the Plaintiffs and carefully reviewed the Claim and determined that there is a dispute as to the accuracy of Plaintiffs' contentions regarding (a) the nature of Plaintiffs' relationship as independent contractors of Defendant; (b) the time worked by Plaintiffs and amount of back wages due; and (c) other elements of the Claim.

D.    The Parties agree that it is in their best interest to resolve Plaintiffs' Claim because: (1) the Parties have a bona fide dispute as to the amount of hours worked by, and amount of compensation due to, Plaintiffs; (2) this settlement and compromise does not result in payment to Plaintiffs of less than minimum wages or less than the statutory overtime rate due, and represents full compensation of all amounts owed to Plaintiffs; and (3) the Company has not obtained Plaintiffs' agreement to the Agreement through fraud or duress.

E.    The Parties have negotiated a settlement in good faith after court sponsored mediation before Magistrate Baverman and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Plaintiffs brought or could have brought against Defendant in the Lawsuits.

**Page -2-**



DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

F.    Plaintiffs, after review and consultation with Plaintiffs' counsel, and Defendant have decided to full and final settlement of the Claim and the Lawsuits, which settlement is not a compromise of guaranteed FLSA substantive rights. The Parties now want to settle all disputes, claims, and controversies arising out of the Claim and any other claims and concerns that Plaintiffs have or may have relating to their work with Company through the date of this Agreement.

NOW THEREFORE, in careful review and consideration of the promises and releases made here, Plaintiffs and Defendant agree to the following fair and reasonable resolution of their present bona fide dispute over FLSA coverage, classification of Plaintiffs, and computation of back wages and other claims asserted in the Lawsuits:

Upon Defendant's receipt of a fully executed original of this Agreement, the Parties will file a Joint Motion for Approval of Settlement of the Lawsuits, seeking the Court's approval of this Settlement Agreement and dismissal of the Lawsuits and Defendant's counterclaims with prejudice. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement and dismissal of the Lawsuits and Defendant's counterclaims and Plaintiffs expressly waive any right to appeal  and agree not to appeal  the order approving the settlement The Parties expressly agree that the terms of this Agreement are fair and equitable, and



to the extent that Plaintiffs' Counsel is required to petition the Court for approval

of the reasonableness and amount of its attorneys' fees and costs to be paid under

this Agreement, Defendant does not oppose and agree not to oppose the amount

(or the reasonableness of the amount) of Plaintiffs' attorneys' fees to be paid to

Plaintiff's counsel out of the total Settlement Payment. If this Settlement

Agreement is not approved by the Court in the Lawsuits within ninety (90) days

from its execution by Plaintiffs, this Agreement may be declared null and void by

the Defendant at its sole option

1. Settlement Payment.

The Defendant shall pay Plaintiffs $175,000 (the "Settlement Payment")

allocable $121,250 to Kevin D Fitzpatrick, Jr. ("Counsel") for attorney's fees and

costs, $10,000 to Cristina Kellogg and $43,750 to Suzanne R Carnes. The

Settlement Payment shall be paid as follows: (a) $10,000 on or before the later of

February 15, 2021 or the entry of an order approving this Agreement; (b) $2,000

on March 15, April 15, May 15, June 15 and July 15, 2021; and (c) thereafter,

$155,000 together with interest at five (5) per cent per annum payable at the rate

of $5,000 per month beginning on the latter of August 15, 2021 or the 15th day of

the first month after which the applicable governmental jurisdictions allow

occupancy at the premises from which Defendant operates its business to 70% or

**Page -4-**



DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

more of the maximum allowable occupancy permitted by the applicable fire marshal. Payments shall be suspended for the length of time period in which occupancy may subsequently be reduced below 70%. If any payment is not timely made and such default is not cured within then (10) days of Defendant's receipt of notice of default from Plaintiff, then all remaining amounts hereunder shall be immediately due and payable. Plaintiffs knowingly and voluntarily acknowledge and agree that acceptance of the Settlement Amount satisfies, discharges, and releases their Claim, as well as all other claims or causes of action arising under or pursuant to the FLSA, and their claims in the Lawsuits, known or unknown, asserted or unasserted, as of the date of this Agreement. Plaintiffs understand that this Agreement waives and releases any and all actual or potential claims, including employment discrimination and compensation related claims, but does not release any claims arising after they sign the Agreement. Plaintiffs understand that they can consult with any advisor of their choice, including an attorney, before signing this Agreement

2.      Voluntary Nature of Agreement.

Plaintiffs state that they sign this Agreement knowingly and voluntarily as an act of their own free will; that they are of sound mind; and that they are laboring under no physical, psychological or mental infirmity which would affect either



DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

their capacity to understand the terms of this Agreement or to freely enter into and be bound by the provisions of this Agreement. Plaintiffs acknowledge that, upon receipt of the Settlement Amount, they will have received full payment for all work performed through their last day of employment with Defendant and that they have no outstanding claims for any unpaid wages, salary, commissions, bonuses, expenses, vacation or sick leave reimbursements, or travel expenses.

3.    Careful Review by Plaintiffs.

Plaintiffs represent that they fully understand their rights to discuss all aspects of this Agreement with an attorney of their choice, that Defendant has recommended that they conduct their own careful review and analysis of the Claim and discuss it with their personal advisors, including Counsel, who is an attorney of their choice in the Lawsuits. Plaintiffs states that they know they can avail themselves of this right and opportunity, that they have carefully read and fully understand all of the provisions of this Agreement, and that they have had adequate time to review and consider this Agreement.

Plaintiffs acknowledge and agree that in signing this Agreement they do not rely, and have not relied, upon any representation or statement made by Defendants with regard to the terms or effect of this Agreement.

Plaintiffs further acknowledge and agree that in the event they perform

**Page -6-**



further work for or on behalf of Defendants, that they may not be treated for tax purposes as employees, but as independent contractors. *This Agreement does not affect the rights and responsibilities of the Equal Employment Opportunity Commission (the "Commission") or the Department of Labor ("DOL") to enforce the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Age Discrimination Act of 1975, the Equal Pay Act, the FLSA, the Genetic Information Nondiscrimination Act, or the Uniformed Services Employment and Reemployment Rights Act and will not be used to impede or interfere with (1) Claimant's protected right to file a charge, testify, assist or participate in an investigation or proceeding conducted by the Commission, the DOL, or any other governmental agency dealing with employment issues; or (2) the Commission's investigative or enforcement efforts.* Plaintiffs retain the right to communicate with the Commission and comparable state or local agencies, whether such communication be initiated by Plaintiffs or any government agencies, bodies, or officials, and Plaintiffs are not limited by any non-disparagement or confidentiality obligations under the Agreement from taking any such actions.

4.     No Other Claims.

Plaintiffs, collectively and individually, represent that they have not filed, or advocated that others file, any complaints, charges, proceedings, or lawsuits

DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

against Defendant with any governmental agency, court, or private arbitration association based on employment at or with Defendant or on events that have occurred on or before the date of this Agreement, and further that they will not do so at any time hereafter regarding the Claim; provided, however, that this shall not limit Plaintiffs from enforcing their rights under this Agreement or their right to file any claim, Lawsuits, or proceeding regarding events occurring after the date of this Agreement.

5.     Taxes and Documentation.

Fannie's, Inc. will issue the following tax documents in connection with the Settlement Amount:

a.  IRS Form 1099-MISC to Plaintiff Kellogg in the amount of $10,000 designated as Box 3 "other income";

b.  IRS Forms 1099-MISC to Plaintiff Carnes in the amount of $10,000 plus $1,325.76 for each monthly payment made after July 15, 2021, designating such funds as Box 3 "other income";

c.  IRS Forms 1099 to Kevin D. Fitzpatrick, in the amount of $3,674.24 for each monthly payment made after July 15, 2021/

Plaintiffs and Counsel will each deliver an IRS Form W-4 to Fannie's, Inc. upon execution of this Agreement. Plaintiffs acknowledge and agree that this

**Page -8-**

DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

payment shall be reported by Fannie's, Inc. to the Internal Revenue Service, the Georgia Department of Revenue, and any other appropriate state and local revenue agencies and Plaintiffs are solely responsible for payment of all taxes due upon such amounts.

### 6  Non-Disparagement.

(a) Plaintiffs will take no actions and make no statements, written or oral, expressed or implied, personally or through social media, which are in any manner disparaging toward the Fannie's, Inc., or the released parties.

(b) Fannie's, Inc. will take no actions and make no statements, written or oral, expressed or implied, personally or through social media, which are in any manner disparaging toward any of the Plainitffs.

(c) For purposes of this Agreement, "disparaging" means publicly or privately belittling, discrediting, or denigrating the other Party and/or its officers, directors, owners, employees, or agents.

### 7  **Prevailing Party.**

In the event of a breach of any of the terms of the Agreement by either or both Plaintiffs or Defendant, the prevailing party, whether defending or bringing an action, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

**Page -9-**



DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

8.    Full and Complete Release.

Plaintiffs, on behalf of themselves, their heirs and personal representatives, waive all claims and causes of action against, and release and discharge, Defendant and its corporate affiliates, predecessors, successors, officers, directors, agents, employees, representatives, shareholders, managing members, responsible and control parties, insurers, accountants and attorneys including William H. Parks (the "Released Parties") from the Claim and any and all claims, actions and causes of action, demands, damages, or suits of any kind or nature whatsoever, whether they sound in equity, law, tort or contract, including but not limited to those arising out of her employment or the termination of her employment with Fannie's, Inc., any claims asserted or which could have been asserted by Plaintiffs in the Lawsuits, or any act or omission of the Released Parties, whether known or unknown, occurring at any time on or before the effective date of this Agreement. Plaintiffs further waive and release all claims arising out of any applicable local, state or federal employment laws and discrimination statutes or regulations, including those arising under 26 U.S.C.§ 7434, the Age Discrimination in Employment Act of 1967, as amended, and the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f) *et. seq.*, and including but not limited to any claim under Title VII of the

**Page -10-**

DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

Civil Rights Act, the Americans with Disabilities Act, the Equal Pay Act, the federal Family and Medical Leave Act, the Fair Labor Standards Act, the Worker Readjustment Retraining and Notification Act, the National Labor Relations Act, the Fair Credit Reporting Act, the Occupational Safety and Health Act, the Genetic Information Non-Discrimination Act, and any state or local laws relating to or arising out of their employment and all other common law claims, state and federal statutes and laws of contract and tort, including any claims for commissions, and any claims for attorney's fees or costs.  It is the intention of the Parties that no claims intended to be released hereby have been through oversight or error, intentionally or unintentionally, omitted from this release. Plaintiffs further represent and warrant to the Released Parties as a material term of this Agreement that they have not pledged, assigned or conveyed any portion of the claims being released. This release shall be effective ninety one (91) days after the receipt of the last installment of the Settlement Payment provided the Fannie's, Inc. is not then a debtor in a case under Title 11 of the United States Code and so long as Plaintiff tender back so much of the Settlement Payment as has been paid to them.

Plaintiffs acknowledge and agree that Defendant has no past or present, liability, obligation or duty to Plaintiffs other than as expressly stated herein. It is the intention of Plaintiffs that this release shall encompass all presently existing



claims (other than claims which cannot be waived by operation of law), whether known or unknown, including those unintentionally omitted from the terms of this release. It is the intention of Plaintiffs that this release shall constitute a release from liability for any claims which may already exist, but which are unknown to or undiscovered by Plaintiffs. This is not a release of claims that may arise after the date this Agreement is executed. This waiver is not a mere recital; but is a known waiver of rights and benefits. This is a bargained-for provision of this Agreement and further consideration for the covenants and conditions contained herein.

9.    Non-Admission of Liability.

The Defendant denies that the Plaintiffs were employees but were at all times independent contractors. This Agreement does not constitute an admission by Defendant of any violation of federal, state, or local law, or any ordinance or regulation, or of any liability or wrongdoing whatsoever. Thus, neither this Agreement nor anything stated in this Agreement shall be construed to be, or admissible in any proceeding as, evidence of liability or wrongdoing by Defendant, or any of the Released Parties or any of their agents.

10.    Governing Law.

This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia, without regard to its conflicts of law rules.

**Page -12-**



DocuSign Envelope ID: 0F344BAC-09C2-46A9-98FF-352FBFB8510B

11.   <u>Entire Agreement.</u>

This Agreement constitutes the entire agreement between the Parties and supersedes any and all other agreements, understandings, or promises, either oral or in writing, between the Parties. In this Agreement, the use of the pronoun "he" or "she" may be used interchangeably but shall conform to the gender of the Plaintiffs.

12.   <u>Binding Nature of Agreement.</u>

The Parties intend and agree that all of the terms, covenants, conditions and provisions of this Agreement will be valid and enforceable to the fullest extent permitted by law, and that the rule of construction which provides that the document is construed against the drafter thereof shall be inapplicable in the construction of this Agreement. The Recitals are material to this Agreement and are incorporated herein as part of the Agreement.

Plaintiffs have carefully read and considered this Agreement and accept and agree to its provisions and the releases and waivers given and hereby execute it voluntarily with full understanding of its consequences, by signing below and by initialing each page.

13.   <u>Execution.</u>

This Agreement may be executed in one or more counterparts each of which

**Page -13-**



when so executed shall be deemed an original and all such counterparts together shall constitute but one and the same instrument, and shall be fully effective as if signed by all parties whether or not the signatures of all the parties appear on the original or any one copy of the Agreement. Signatures transmitted or delivered by email or facsimile shall be acceptable and shall have the same force and effect as if containing an original signature.

IN WITNESS WHEREOF, the parties have signed and sealed this Agreement as of the year and date above written.

DocuSigned by:

F6776D913FF54B9...
**CRISTINA KELLOGG**

**SUZANNE R. CARNES**

**FANNIE'S, INC.**

By:_____

Its:_____

_____

\-

when so executed shall be deemed an original and all such counterparts together shall constitute but one and the same instrument, and shall be fully effective as if signed by all parties whether or not the signatures of all the parties appear on the original or any one copy of the Agreement. Signatures transmitted or delivered by email or facsimile shall be acceptable and shall have the same force and effect as if containing an original signature.

IN WITNESS WHEREOF, the parties have signed and sealed this Agreement as of the year and date above written.

_____

**CRISTINA KELLOGG**

_____

**SUZANNE R. CARNES**

**FANNIE'S, INC.**

By: *Andrew Cargill*

Its: *General Manager*

## STATEMENT OF COMPLIANCE WITH FONT SIZE

I hereby certify that the foregoing **JOINT MOTION FOR APPROVAL OF**

**FLSA SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT**

**THEREOF** has been prepared with 14-Point Times New Roman font, which is one

of the font and point selections approved by the Court in LR 5.1C, N.D. Ga.

This the 9th day of February 2021.

*/s/ John A. Christy*
JOHN A. CHRISTY
Georgia Bar No. 125518
*Attorney for Fannie's, Inc.*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
Email:       jchristy@swfllp.co

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Matthew W. Herrington
Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303

This the 9th day of February 2021.

*/s/ Jonathan A. Akins*
JOHN A. CHRISTY
Georgia Bar No. 125518
JONATHAN A. AKINS
Georgia Bar No. 472453
*Attorney for Defendant Fannie's, Inc.*